66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gideon Canova CASSELLS, a/k/a Sidney Christian, Defendant-Appellant.
 No. 94-5891.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 24, 1995.
Decided: Sept. 14, 1995.
 
 Christopher Paull Riley, BAILEY, RILEY, BUCH & HARMAN, L.C., Wheeling, WV, for Appellant.
 William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, WV, for Appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gideon Canova Cassells appeals the 57-month sentence he received following his guilty plea to unlawful reentry by a deported alien, 8 U.S.C.A. Sec. 1326 (West Supp.1995). He claims that the district court erred in failing to strike inaccurate information from his presentence report or to make findings concerning the contested information, and also failed to recognize its authority to depart because of his status as a deportable alien. We affirm.
 
 
 2
 Cassells objected to the inclusion in his presentence report of information concerning his alleged participation in cocaine trafficking in Ohio. Although Cassells had been acquitted of an Ohio drug trafficking charge by a state judge, the probation officer reported that the investigating officer had information from a reliable informant that Cassells was sent to Ohio from Florida by the source to act as "overseer of the drugs and money" and "muscleman" to ensure that payment was made. The probation officer responded that the information was reliable because it had been supplied by the United States Probation Office in Ohio after a search of court records and investigative reports. At sentencing, defense counsel argued that the information was unreliable hearsay; however, he did not present any evidence to refute it.
 
 
 3
 The district court noted that the information did not affect the guideline range, but might affect classification and placement by the Bureau of Prisons. The court then adopted the presentence report with the exception of the probation officer's response to another objection by Cassells, which the court found meritorious. In so doing, the district court clearly rejected Cassells' argument that the information was too unreliable to be considered, and adopted the probation officer's view.
 
 
 4
 Express adoption of the presentence report's recommended findings is adequate to resolve disputed issues if the ruling is clear. United States v. McManus, 23 F.3d 878, 887 (4th Cir.1994). While the court devoted few words to Cassells' objection, we believe its factual finding--through adoption of the presentence report--was minimally sufficient. We note that a defendant who disputes factual information in his presentence report has the burden of showing that the information is unreliable or inaccurate. United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). Cassells failed to meet this burden.
 
 
 5
 Without giving prior notice that a departure would be requested, defense counsel asked the district court to depart downward on the novel ground that deportation to Jamaica would be a harsher punishment than imprisonment in the United States. The district court imposed a sentence within the guideline range, making no comment on the departure request. On appeal, Cassells contends that the district court failed to understand its authority to depart. Relying on United States v. Smith, 27 F.3d 649 (D.C.Cir.1994), he argues that, as a deportable alien, his sentence will have more severe consequences for him than for others because he will most likely not be assigned to minimum security facilities or be able to participate in a community confinement program near the end of his sentence. Because Cassells made a completely different argument for departure in the district court, his reliance on Smith is inapposite.
 
 
 6
 Normally, the district court's decision not to depart is unreviewable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, if the district court bases its decision not to depart on a perceived lack of authority to depart on the ground offered, the decision is a legal one that is reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir.1992). Here, the district court gave no indication that it was willing to depart but believed itself unable to do so. We therefore find that the court exercised its discretion, and its decision is not reviewable.
 
 
 7
 Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED